# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

No. 12-50608
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSE GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-270-1

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesse Garza was convicted of one count of failing to register as a sex offender. Now, Garza appeals the district court's judgment concerning the fourth revocation of his supervised release, which resulted in his receiving a sentence of 24 months in prison and a lifetime term of supervised release. First, he argues that his sentence is improper because the district court erroneously relied upon the factors given in 18 U.S.C. § 3553(a)(2)(A) when sentencing him. Next, he contends that he should not have received a lifetime term of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release because, when he pleaded guilty to the underlying offense, he was misinformed and told that the maximum possible term of supervised release was three years.

As Garza acknowledges, these claims are reviewed for plain error only due to his failure to raise them in the district court. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). Under this standard, Garza must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct a plain error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* This standard has not been met.

With respect to Garza's first claim, our reading of the revocation hearing does not support his position that the district court erred by relying upon the factors given in § 3553(a)(2)(A) to set his sentence. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). Rather, this review shows that the district court was primarily concerned with the danger that Garza posed to the public, which is a permissible factor to consider when imposing sentence following revocation. *See Miller*, 634 F.3d at 844; 18 U.S.C. § 3583(e); § 3553(a)(2)(C). Garza has not shown error, plain or otherwise, concerning this claim. Similarly, Garza's arguments concerning the admonishments he received at the time of his initial plea do not establish that the district court committed error, plain or otherwise, by choosing to impose the lifetime term of supervised release that is statutorily authorized. *See* § 3583(e)(2), (k).

AFFIRMED.